UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. 4:08 CR 47 JCH (TCM) | |
| | ) | |
| TIMOTHY MCCAULEY, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT**

COMES NOW the United States of America, by and through its attorneys, Richard G.
Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin,
Assistant United States Attorney for said District, and files its Response in Opposition to
Defendant's Motion to Dismiss the Indictment.

The Government was originally ordered to file a response to any defense motions on June
1, 2015.  Defendant filed his Motion to Dismiss the Indictment on June 1, 2015.  The
Government respectfully requests leave of Court to permit it to file this response today, June 4,
2015.

**Background**

On January 24, 2008 a federal Grand Jury in the Eastern District of Missouri indicted
defendant Timothy McCauley on one count of possession of child pornography in violation of 18
U.S.C. 2252A(a)(5)(b).  Defendant was arrested pursuant to the indictment on September 26,
2014.  During the period between his indictment and arrest it appears that defendant lived in

various residential care facilities in Missouri, as well as with his stepmother in Imperial,

Missouri.  Defendant was also charged with and pled guilty to state offenses in Jefferson County,

Missouri on two occasions during the relevant period.

The Sixth Amendment right to a speedy trial in all criminal prosecutions is "necessarily

relative," and is not susceptible to any precise or inflexible definition.  *Barker v. Wingo*, 407 U.S.

514, 529-30 (1972).  A court must assess a motion to dismiss on speedy trial grounds in light of

four factors: 1) the length of delay; 2) the reason for the delay; 3) the timeliness of the

defendant's assertion of his speedy trial right and 4) any prejudice to defendant caused by the

delay.  *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009) (citing *Barker*, 407 U.S.

at 530-33).  The *Barker* inquiry is "difficult and sensitive," and "none of the four factors

identified above [is] either a necessary or sufficient condition to the finding of a deprivation of

the right of speedy trial."  *Barker*, 407 U.S. at 533.  Moreover, the difficult and sensitive nature

of the inquiry is compounded by the fact that the "unsatisfactory severe" remedy of dismissal is

the only possible remedy for a violation.  *Id.* at 522.  The court should deny defendant's motion

to dismiss because while the first two *Barker* factors may weigh in defendant's favor, the fact

that defendant waited more than eight months after being arrested to assert this right and has

made no showing of actual prejudice strongly indicate that the interests protected by the speedy

trial right have not been infringed.

1. ***Barker's* First and Second Factors are not Dispositive of Whether Defendant's Sixth Amendment Right was Violated.**

The length of the delay is only the first factor in the ultimate consideration of whether a

defendant's right to a speedy trial has been infringed.  *See Erenas-Luna*, 560 F.3d at 776.  The

Supreme Court has styled this factor as a two-part inquiry.  *Doggett v. United States*, 505 U.S.

647, 651-52.  If the court finds that the delay between arrest and trial "crosses the threshold"

between ordinary and presumptively prejudicial delay, it then must consider the length of delay as one factor in the balancing. *Id.* at 653.  The Government does not contest that the delay between defendant's indictment and arrest is sufficiently long to trigger the *Barker* analysis. This determination, however, begins, rather than ends the inquiry.

The court must also consider the reason for the delay, giving "different weights to different reasons." *Id.* at 657.   This factor rightly weighs very heavily against the Government when the Government intentionally causes the delay in order to gain an "impermissible advantage at trial." *Id.* at 656.  Defendant makes no allegation that the Government intentionally caused the delay in his case. The Government acknowledges that its warrant was not executed for years after he was indicted.  It is unclear the reason that Jefferson County authorities did not arrest defendant on his outstanding warrant.  While this may be a "considerable factor in the weighing process," it weighs less heavily against the Government within the broader *Barker* balancing analysis than any sort of purposeful or malicious delay would.   *Id.* at 652-53.

   2.  <u>**Defendant's Lengthy Delay in Alleging a Speedy Trial Violation After his Arrest Undermines his Claim That the Right has Been Unconstitutionally Prejudiced.**</u>

Defendant's extended delay in claiming a violation of his right to a speedy trial weighs heavily against his claim.  *Barker*, 407 U.S. at 531 (the court must look to "whether in due course the defendant asserted his right to a speedy trial").   Although failure to promptly assert the right to a speedy trial is not a waiver, the timeliness of the defendant's assertion is entitled to "strong evidentiary weight as to whether the defendant is being deprived of the right." *Id.* at 532. Such heavy weight is given to this factor because, while "the strength of [the defendant's] efforts [in asserting the right] will be affected by the length of the delay [and] to some extent by the reason for the delay," those efforts are affected most by the "personal prejudice…he experiences." *Id.* at 532-33.

Defendant erroneously argues that this factor is neutral because he did not know of his indictment before he was arrested and therefore could not have asserted it. The Government does not challenge defendant's factual assertion that because he was unaware of the indictment against him, he was not able to assert his right to a speedy trial before his arrest. However, once he was arrested in September 2014 more than eight months passed before he filed this motion.[1]

Defendant moved for a psychiatric evaluation in January 2015.  Defendant has every right to file motions for psychiatric evaluation as proper under the law, but pursuing those motions in no way foreclosed him from raising a Sixth Amendment claim. Whether the defendant is competent to stand trial is completely separate, both factually and legally, from the question of whether his Sixth Amendment rights were violated. The merits of his constitutional claim do not purport to be contingent on any findings relating to his psychiatric or medical evaluations; indeed the delay he complains of is entirely in the past, having been bracketed by his arrest. In his memorandum defendant contends that "the time passed has precluded [him] from preparing his defense," yet even measuring conservatively he allowed close to five months to pass before making filing this motion.  This delay, while not a waiver in itself is substantial evidence that his right was not violated, and weighs against him in the balancing analysis.[2]

---

[1] Entry of counsel occurred on October 4, 2014.  (See Dkt. 15, 16).  The court granted motions for extensions of time as to pretrial motions and waivers on October 14, 2014, November 7, 2014, November 26, 2014, and January 5, 2015.  (See Dkt. 21, 23, 29).  On January 13, 2015 defendant filed a sealed motion for a psychiatric and medical exam, which the Court granted.  (Dkt. 31, 32, 34).  On May 11, defendant was found competent to stand trial and to assist in his own defense.  He filed this motion to dismiss on June 1, 2015.

[2] *Compare United States v. Bachtel*,  No. 13-00159-01-CR-W-FJG, 2015 WL 2151788, at *1 (W.D. Mo. May 7, 2015) (Factor Three weighed in favor of defendant who filed motion to dismiss on Speedy Trial grounds on February 12, 2015 after being arrested on January 30, 2015 after a twenty-one month post-indictment delay);  *United States v. Sanchez-Ruiz*, No. 03-CR-4093-DEO, 2005 WL 2406167, at *3 (N.D. Iowa Sept. 23, 2005) ("Sanchez asserted his right about a month after being arraigned on the indictment.") and *United States v. Summers*, No. CR-04-3011-MWB, 2005 WL 637773, at *8 (N.D. Iowa Mar. 18, 2005) ("Summers asserted his speedy trial right promptly after his arrest.") *with United States v. Hessman*, No. CR-02-3038-MWB, 2005 WL 1206524, at *7 (N.D. Iowa May 20, 2005), report and recommendation adopted, No. CR02-3038-MWB, 2005 WL 1417108 (N.D. Iowa June 16, 2005) ("Hessman took no action between January 11, 2005, and May 13, 2005, that could be construed as the assertion of his speedy trial right… it appears he became interested in asserting the right only when it became an avenue to dismiss the indictment or obtain release.") (internal citation omitted) and *United States v. Weber*, No.

**3.** __Defendant Cannot Show Actual Prejudice Caused by the Delay, and any Presumed Prejudice is Outweighed by Defendant's Delay in Asserting the Right.__

Defendant cannot show that he has suffered actual prejudice within the meaning of the fourth *Barker* factor. *Barker* identified three such types of prejudice: oppressive pretrial incarceration, anxiety and concern of the accused, and impairment of the ability of the accused to present his defense.  *Barker*, 407 U.S. at 532.   Defendant cannot show that he has been actually been hurt in any of these ways.

Obviously, defendant did not suffer from oppressive pretrial incarceration because he was not arrested on these charges until last year.  By definition, a defendant complaining about the delay between his indictment and arrest who claims no pre-arrest knowledge of the indictment cannot show that he was subject to oppressive pretrial incarceration or to improper anxiety or concern.  See, e.g., *Bachtel*, 2015 WL 2151788, at *2 ("Bachtel was not subject to pretrial incarceration and because he was unaware of the indictment, he was not subject to anxiety over the prosecution.").

As to impairment of his defense, mere conclusory assertions of impairment are insufficient to show specific prejudice.  *See, e.g.*, *Erenas-Luna*, 560 F.3d at 779 ("Actual prejudice would not be present where defendant failed to make any affirmative showing that the delay weakened his ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence.") (quoting *United States v. Sprouts*, 282 F.3d 1037, 1041 (8th Cir. 2002)).  Defendant's assertion that he suffered actual prejudice to his defense because "he could not follow up with potential witnesses and did not have the opportunity to review his computer usage to articulate a reason for the appearance of lewd images" is both vague and conclusory. If

---

CR.A.950012503CRW8, 1997 WL 61442, at *4 (W.D. Mo. Feb. 11, 1997) ("A defendant's assertion that his speedy trial rights are being violated must be viewed in the light of his or her other conduct…Defendant did not allege that his speedy trial rights were being violated until…the indictment was more than 16 months old.").

these assertions were sufficient, every defendant who experienced a delay sufficient to trigger *Barker* and did not know about the indictment against him would automatically suffer specific prejudice under the fourth *Barker* factor because a defendant always could have used the period between indictment and arrest to interview witnesses and devise defenses to the charges.

Defendant's charges involve the execution of a search warrant at his residence, the seizure of items, his taped interview and the forensic examination of his computer and CDs.  The nature of this evidence has not degraded or disappeared over time.  Similarly, his potential defenses concerning his computer usage are contained within the forensic evidence and have not dissipated.

Even if defendant is correct that the court can presume prejudice based on the length of the delay and the Government's failure to arrest, presumed prejudice is "part of the mix of relative facts" and "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* factors."  *Doggett*, 505 U.S. at 655-56.   Defendant cites the language of the Supreme Court in *Doggett* and the Eighth Circuit in *Erenas-Luna* about presumed prejudice but fails to note that in both of those cases the district court found the third factor (timeliness of defendant's assertion of speedy trial rights) to be neutral.  *See id.* at 653-54; *Erenas-Luna*, 560 F.3d at 778. In this case defendant, who claims that the passage of time prejudiced him, let a great deal of time pass before ever raising this claim. Defendant's ability to rely on the presumption of prejudice within the *Barker* analysis is severely impaired by the fact that he let so much time lapse and filed other motions before asserting his fundamental constitutional right to a speedy trial.

When taken as a whole, in light of the imprecision of the speedy trial right and the severity of the remedy of dismissal, the *Barker* factors weigh against defendant. His extended

delay in bringing this claim and his failure to make more than conclusory assertions of actual prejudice outweigh the considerations under the first two *Barker* factors. The delay between defendant's indictment and arrest is unfortunate, but do not rise to the level of a constitutional violation requiring dismissal of the charge against him.

### Conclusion

For the foregoing reasons, the Government respectfully requests that the Court deny defendant's motion to dismiss the indictment against him.

Respectfully submitted:

RICHARD G. CALLAHAN
United States Attorney

 s/Carrie Costantin
CARRIE COSTANTIN #35925 MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2309 FAX
carrie.costantin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

s/Carrie Costantin
CARRIE COSTANTIN  #35925 MO
Assistant United States Attorney